Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Westinghouse Electric Co. *v.* William Gaines, Appellant.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

Larry A. Colston, with him Joseph A. McNeal, and McNeal & Colston, for appellant.

Thomas J. Ingersoll, with him Robert A. Detweiler and James N. Diefenderfer, for appellees.

OPINION BY JUDGE CRUMLISH, JR., April 8, 1976:

The narrow issue in this case is whether the Workmen's Compensation Appeal Board (Board) erred in denying William Gaines' (Claimant) appeal nunc pro tunc from an adverse decision of the referee.

Copies of the referee's decision were mailed to all parties of record on December 30, 1974. Claimant appealed to the Board on March 19, 1975, and the Board, by order dated August 19, 1975, dismissed the appeal on the ground that it had been untimely filed.

In his petition in support of an appeal nunc pro tunc, filed simultaneously with the appeal, Claimant avers that he retained counsel who withdrew on the day of the referee's hearing thus leaving him without representation. Therefore, he contends that he was unaware of the procedural or substantive consequences of his plight.

Section 423 of the Workmen's Compensation Law[1] provides that appeals must be taken to the Board within twenty (20) days following notice of a referee's decision. Although it further provides that the Board may extend the time "upon cause shown," the 20-day appeal period is to be strictly observed and appeals nunc pro tunc are

---

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §853.

permitted only when one shows fraud or its equivalent. Mere hardship is insufficient cause. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973) ; *Palmer v. City of Pittsburgh,* 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973).

The relationship between Claimant and his counsel which resulted in his predicament arouses our sympathy but we are powerless to expand the statutory appeal period. Since Claimant averred nothing which suggests that he was the victim of coercion, fraud, duress, or that he was misled in any way by the negligence of the employer or the administrative officials, we must therefore

ORDER

AND NOW, this 8th day of April, 1976, the order of the Workmen's Compensation Appeal Board, No. A-70391, is affirmed and the appeal is dismissed.