John Bardo, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Republic Heating Company, Respondents.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*George M. Schroeck,* for appellant.

*Roy F. Walters,* with him *Carl B. Fried,* and *Fried, Kane & Walters,* and *James N. Diefenderfer,* for appellants.

OPINION BY JUDGE ROGERS, March 22, 1978:

John Bardo has filed a petition for review from an order of the Workmen's Compensation Appeal Board dismissing his appeal from a referee's decision as having been filed too late.

Bardo suffered an injury on December 24, 1969 in the course of his employment with Republic Heater Company (Republic). Bardo received Workmen's Compensation benefits of $60.00 per week pursuant to an open compensation agreement and a supplemental agreement between Bardo and Republic. Bardo returned to work on November 10, 1970 and worked intermittently thereafter. On April 5, 1972 defendant filed a petition to review the compensation agreement, setting forth in pertinent part that:

Compensation benefits have been paid to the claimant, but because of various unknown periods of disability and various unknown periods of employment, information is necessary as to what additional compensation benefits, if any, should be made to the Claimant.

Bardo filed an answer alleging that:

1. . . . Claimant has been continuously disabled since the accident of December 24, 1969.

2. . . . Claimant has been rehospitalized recently; required further cervical surgery and is presently disabled.

. . . .

4. . . . Claimant was paid from December 24, 1969 until he returned to work on November 10, 1970. There was a recurrence of his disability on January 1, 1971. Claimant has not been paid any compensation since October 1971.

A hearing was held by a referee on October 1, 1972 at which Bardo appeared with counsel. With his counsel's guidance, Bardo entered into a stipulation with Republic which resulted in a decision suspending compensation between November 10, 1970 and October 11, 1971 and awarding compensation for total disability from and after the latter date. A copy of the referee's decision was transmitted to Bardo together with a notice dated January 4, 1973 stating that:

The decision of the Referee is final unless an appeal is taken to the Workmen's Compensation Appeal Board as provided by law. The requirements for filing an appeal are contained on the back of this notice which must be taken within *20 days* of January 4, 1973. (Emphasis in original.)

On April 26, 1976, more than three years after the referee's decision was made and duly communicated, Bardo filed a ''petition to review provisions of existing compensation agreement'' alleging that he was entitled to disability compensation for the period between November 10, 1970 and October 11, 1971 and challenging the stipulaltion as it related to this period on the ground that he had been misled by his attorney. A hearing on Bardo's petition was conducted before a referee who, by order of September 15, 1976,

sustained the December 12, 1972 decision. By its order of December 16, 1976, the Workmen's Compensation Appeal Board affirmed the referee noting that the appeal of the referee's September 15, 1976 order was in fact an untimely appeal of the December 12, 1972 determination. We agree with the Board and affirm.

Bardo's April 26, 1976 "petition to review provisions of existing compensation agreement" was filed pursuant to the first paragraph of Section 413 of The Pennsylvania Workmen's Compensation Act (Act)[1], 77 P.S. §771.[2] This provision empowers a referee at his discretion or on petition of either party to "review and modify or set aside a *notice of compensation payable and an original or supplemental agreement. . . ."* Bardo's petition, however, sought review of a referee's adjudication and award. This was not the petition to review an agreement allowed by Section 413, 77 P.S. §771, but an attempt to relitigate issues conclusively decided by the referee's order. The proper course of action for Bardo was to appeal the referee's December 12, 1972 order to the Board pursuant to Section 423 of the Act, 77 P.S. §853, which provides, in pertinent part, that:

Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board. . . .

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

[2] Bardo's petition was made on a standard form of the Department of Labor and Industry, Bureau of Workmen's Compensation titled "petition to review provisions of existing compensation agreement." The form stated that Bardo was petitioning the Board "to review provisions [of a compensation agreement between himself and Republic] *as provided by the first paragraph of* Section 413. . . ." (Emphasis added.)

Section 423's limitation for appeals to the Board is to be strictly enforced and appeals nunc pro tunc may be allowed for fraud or its equivalent. *Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976).

Accordingly, we enter the following

### ORDER

AND Now, this 22nd day of March, 1978, it is ordered that the decision of the Workmen's Compensation Appeal Board be and is hereby affirmed, and that the appeal of John Bardo be and is hereby dismissed.