Rachel Branch, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Somerset Knitting Mills, Respondents.

Submitted on briefs, September 28, 1978, to Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Anthony T. Vanore,* for appellant.

*Thomas F. McDevitt,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE DISALLE, November 2, 1978:

This is an appeal by Rachel Branch (Claimant) from an Order of the Workmen's Compensation Appeal Board (Board) denying her requests for an appeal nunc pro tunc, a reinstatement of the compensation agreement between her and Somerset Knitting Mills (Employer), and a hearing de novo.

Claimant sustained a work-related injury on July 28, 1971, and began receiving benefits on August 4,

1971. On January 22, 1973, Employer filed a petition to terminate, stating that Claimant was fully recovered and could return to work as of January 15, 1973. At the hearing on April 2, 1973, Claimant appeared without counsel and the hearing officer rescheduled it for April 27. Claimant had obtained an attorney by that time, but he failed to appear, stating that a fire drill had kept him out of the building. A hearing was rescheduled and held on July 20, and Claimant's attorney again failed to appear, apparently having received no notice.

In an October 2, 1973 decision, the referee granted Employer's petition to terminate. Claimant received notice of this decision, but did not appeal. Instead, sixteen months later, on February 24, 1975, she filed a petition for modification. Both Claimant and her attorney failed to appear at the June 3, 1975 hearing, again having apparently received no notice, and the referee, in a July 7, 1975 decision, dismissed the petition. Claimant received notice of this decision also.

Claimant did not appeal this decision either, but instead, filed a new petition to modify, dated April 14, 1976, and a petition for reinstatement and a motion for a hearing de novo, dated August 13, 1976. A number of hearings were scheduled between May and September of 1976 and were continued. Finally, on January 18, 1977, Claimant appealed to the Board, seeking an allowance of an appeal nunc pro tunc, a reinstatement of the compensation agreement, and a hearing de novo. On September 1, 1977, the Board affirmed the orders of the referees and dismissed Claimant's petition.

We hold that Claimant's unexplained failure to file a timely appeal from either the October 2, 1973 order or the July 7, 1975 order precludes us from granting her the relief she requests. While it is undoubtedly true that a claimant must receive notice of a hearing

on a petition to terminate, proper recourse in the event of failure to receive such notice is a timely appeal. Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§853, 854, requires that the appeal be filed within twenty days of the receipt of notice of the referee's decision. Here, Claimant failed to appeal until January of 1977, fully 39 months after the first order and 18 months after the second.

An appellate court will not grant an appeal nunc pro tunc without a showing that fraud, duress or coercion caused the delay. *Dinges Transfer v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 468, 326 A.2d 668 (1974). Claimant correctly states that, for appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Workmen's Compensation Appeal Board v. Gaines*, 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976); *Unemployment Compensation Board of Review v. Digiacomo*, 24 Pa. Commonwealth Ct. 326, 355 A.2d 604 (1976). But while administrative negligence may have prevented Claimant from receiving notice of the hearings, it did not prevent her from learning of the referee's decisions against her and making timely appeal therefrom. She admits she received timely notice of both decisions. Why she failed to appeal remains a mystery, but she has not shown that it was because of fraud, duress or coercion. Accordingly, it would be inappropriate to allow an appeal nunc pro tunc.

Claimant's late appeal also requires us to deny her request for a hearing de novo and a reinstatement of the compensation agreement. It is unfortunate that Claimant's disability compensation has been terminated without the issue of her recovery having been fully litigated. But we cannot at this late date allow her to explain away her failure to make timely appeal by

pointing to the impropriety of certain of Employer's actions or claiming lack of notice. These inequities could have been rectified on appeal. Failing in that, Claimant is without legal recourse. We affirm.

ORDER

AND Now, this 2nd day of November, 1978, the Order of the Workmen's Compensation Appeal Board, dated September 1, 1977, granting Somerset Knitting Mills' Petition to Terminate is affirmed.