Burnell T. Wertman, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and American Nickeloid Company, Respondents.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Michael P. McIntyre*, for petitioner.

*James K. Martin*, with him *Frank J. Rubinate*, for respondents.

OPINION BY JUDGE ROGERS, February 27, 1981:

The Workmen's Compensation Appeal Board quashed as untimely filed the appeal of Burnell T. Wertman, a workmen's compensation claimant, from a referee's decision and Mr. Wertman has appealed.

Mr. Wertman's counsel filed his appeal from the referee's decision twenty-two days after notice of the decision was served on Wertman. Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §853, provides in pertinent part that

> [a]ny party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have served upon him, take an appeal to the board on the ground: (1) that the award or disallowance of compensation is not in conformity with the terms of this act, or that the referee committed any other error of law; (2) that the findings of fact and award or disallowance of compensation was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper, conduct of any party in interest. The board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading.

In answer to the employer's motion to quash the appeal, it was averred in behalf of Mr. Wertman that his counsel timely dictated an appeal on a dictaphone; that counsel gave it to his secretary to type, with instructions to mail the appeal by September 4, 1979, the last date for filing the appeal; that on October 17, 1979, counsel discovered that the appeal had not been mailed by September 4, 1979; that counsel's secretary has no exact knowledge of the matter; and that the delay in filing the appeal cannot be attributed to Mr. Wertman or his counsel but was due solely to a breakdown in counsel's office.

The Board, as stated, quashed the appeal, citing case law consistently holding that the twenty day limitation of Section 423 must be strictly enforced and may be extended only if fraud or its equivalent, *i.e.*, duress, coercion, or negligence on the part of an administrative official, is shown.[1] The appellant does not question that the invariable rule of the cases has been that stated by the Board. Rather, he argues that the rule should be, and since 1919[2] should have been, otherwise. He points out, correctly, that the rule that a late appeal under Section 423 is allowable only for fraud or its equivalent was promulgated by the Pennsylvania Supreme Court in *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863 (1918) at a time before the addition to Section 423 (then Section 419) of the sentence: "The Board, may upon cause shown, extend the time provided in this article for taking such

---

[1] *Branch v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978) ; *Drafts v. Bennett Shelburne Co.,* 26 Pa. Commonwealth Ct. 76, 362 A.2d 464 (1976) ; *Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976) ; *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973).

[2] The last sentence of Section 423 quoted in the body of this opinion was added by the Act of June 26, 1919, P.L. 642, §6.

appeal or for the filing of an answer or other pleading." This sentence, the appellant suggests, was intended to modify the harsh rule of the *Wise* holding. The appellant also advances the theory that in adhering to the fraud or its equivalent rule since 1919 the courts have carelessly engrafted on "cause shown", the phrase appearing in the description of the second ground for appeal—that the decision of the referee was procured by "fraud, coercion, or other improper conduct" of a party.

The fact is that not one of the many appellate opinions on the subject has mentioned the appellants' theories. We find it difficult to believe that all of the astute lawyers and conscientious judges who have been confronted with Section 423 have simply overlooked these points during the sixty years since 1919. Moreover, the appellant does not provide us with a statement of what the rule should have been over the decades; or what it should now be declared to be. We cannot conceive of a rule worthy of the name which would embrace as "cause shown" the simple failure of a party or his counsel to take an appeal "within twenty days after notice of a referee's award" as statute requires; and unfortunately, that is the circumstance of this case.

In *Branch v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978) and in earlier cases there cited it was observed that negligence on the part of administrative officials which prevented timely appeal might provide a cause for allowing a late appeal. It would not be a reasonable extension of that principle, as the appellant here suggests, to declare that administrative oversight occurring in the office of the appellant's lawyer should be the basis of a late appeal.

Finally, the appellant relies heavily on the case of *Nardicchio v. Abbott's Dairies*, 86 D. & C. 568 (1953)

where the court allowed a late appeal in circumstances quite like those here. Other than noting that the "cause shown" language was added after the decision of *Wise v. Cambridge Springs Borough, supra,* the court cited no authority for its ruling, although it was preceded by a number of Superior Court decisions applying the *Wise* rule, of which *Powell v. Sonntag,* 159 Pa. Superior Ct. 354, 48 A.2d 62 (1946) is an example.[3] *See Yaeger v. United Natural Gas Co.,* 197 Pa. Superior Ct. 20, 176 A.2d 455 (1962).

Order affirmed.

### ORDER

AND Now, this 27th day of February, 1981, the order of the Workmen's Compensation Appeal Board quashing the petitioner's appeal from the referee's decision is affirmed.

---

[3] In *Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Superior Ct. 254, 181 A.2d 881 (1962) the Board's action quashing an untimely appeal under Section 423 was upheld when the late filing was ascribed to a secretary's error. The court in this case wrote that more than "mere hardship" was necessary to justify an extension of time for filing.