Luther Washington, Petitioner *v.* Workmen's Compensation Appeal Board (Harrisburg Hospital and Aetna Life and Casualty Company), Respondents.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*David F. Tamanini,* for petitioner.

*R. Burke McLemore, Jr.,* with him *Joseph P. Hafer, Thomas & Thomas,* for respondent, Harrisburg Hospital.

OPINION BY JUDGE DOYLE, October 1, 1982:

This is an appeal by Luther Washington (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) holding that it was without jurisdiction to address Claimant's appeal from a referee's denial of his reinstatement petition by virtue of Claimant's failure to file an effective appeal pursuant to the requirements of Section 423 of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

The referee's decision herein was issued on March 6, 1978. Subsequently, Claimant's counsel at the time submitted a letter to the board dated March 26, 1978 but postmarked March 27, 1978, P.M., which stated:

This is to advise the Appeal Board that we wish to appeal the decision of the Referee, Thomas B. Noonan, in the above-captioned case.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §853.

> The *formal* Appeal From Referee's Findings Of Fact and Appeal From Referee's Alleging Error Of Law will be forwarded to your office in the very near future. (Emphasis in original.)

Despite this letter, no "formal" appeal was ever submitted to the Board. On June 9, 1978, Claimant's employer, Harrisburg Hospital (Employer), filed a petition to quash Claimant's "appeal" on the grounds of noncompliance with the requirements of Section 423 of the Act. A hearing, at which neither Claimant or his counsel appeared, took place on October 26, 1978, and on November 6, 1980, the Board held that it was without authority to address the merits of Claimant's "appeal" because no proper appeal pursuant to Section 423 of the Act had been taken.

In his appeal to this Court, Claimant asserts that the decision of the Board is in error because the letter of March 26, 1978, placed the parties on notice that the appeal would be based both on errors of law and fact and was therefore in and of itself sufficient to constitute an effective appeal under the Act or, in the alternative, that a brief filed by Claimant with the Board on April 30, 1979, provided detail as to the merits of his claim so as to amend and perfect under the Act the appeal initiated by the March 26, 1978, letter. Claimant also alleges that the Board's actions herein violate his rights to due process and equal protection under the constitutions of the United States and Pennsylvania. We disagree.

Section 423 of the Act reads:

> Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board on the ground: (1) that the award or disallowance of compensation is not in conformity with the

terms of this act, or that the referee committed any other error of law; (2) that the findings of fact and award or disallowance of compensation was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest. The board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading.

To be read in conjunction with Section 423 of the Act is 34 Pa. Code §111.14(a) which, in addressing the matter of appeals to the Board, states that "[a]ppeals should state the *specific exceptions* to determinations by the referee *and shall be sufficiently complete to frame the issue or issues on appeal.*" (Emphasis added.)

Claimant's letter of March 26, 1978, is, at best, a general statement of an intent to take an effective appeal which does nothing more than reiterate the general categories of error on which an appeal may be grounded pursuant to Section 423 of the Act. It states neither Claimant's specific exceptions to the referee's decision nor does it frame the issues for review. Accordingly, we must concur with the Board's decision that Claimant failed to file an effective appeal within the twenty day limit set by Section 423 of the Act. *See McBride Transportation Company, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 593, 413 A.2d 470 (1980); *see also Von Kaenel v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 173, 60 A.2d 586 (1948). In the absence of an effective appeal, there was nothing for the brief filed on April 30, 1979, to amend and we must therefore also reject Claimant's arguments in this regard. Moreover, in light of Claimant's failure to request an extension of the time within which to file his

appeal or to show cause why an effective appeal was not timely filed, it would be improper to treat the filing of said brief as an attempt to file an appeal nunc pro tunc. *Wertman v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 169, 426 A.2d 205 (1981); *Branch v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978).

Finally, we also reject Claimant's constitutional claims. Any "denial of due process" herein derives from Claimant's *own* failure to protect his interests pursuant to the duly promulgated standards and procedures developed to ensure that all parties in these matters receive due process and, as such, is hardly actionable. Insofar as the equal protection claim is concerned, Claimant has not alleged any arbitrary or discriminatory application of the standards and procedures to which he is being held by the Board and therefore has stated nothing upon which relief can be granted.

### ORDER

Now, October 1, 1982, the order of the Workmen's Compensation Appeal Board in the above captioned matter, docket No. 74881, is hereby affirmed.