539 A.2d 1386

Allied Chemical Company, Petitioner *v.* Workmen's Compensation Appeal Board (Witkowski), Respondent.

Adam Witkowski, Petitioner *v.* Workmen's Compensation Appeal Board (Allied Chemical Company and Travelers Insurance Company), Respondents.

252

Argued December 18, 1987, before Judges DOYLE AND PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Stephen J. Harlan, Swartz, Campbell & Detweiler,* for petitioner, Allied Chemical Company.

*Robert J. Murphy, Murphy, Murphy & Murphy,* P.C., for respondent, Adam Witkowski.

OPINION BY JUDGE PALLADINO, April 6, 1988:

Allied Chemical Company (Employer) and Adam Witkowski (Claimant) appeal from the Workmen's Compensation Appeal Board's (Board) affirmance of a referee's order which, *inter alia,* awarded counsel fees to Claimant for Employer's unreasonable contest and awarded Employer a credit for payments it made to Claimant which were not pursuant to a Notice of Compensation Payable.

Claimant filed a claim petition on April 28, 1980, alleging he had become totally disabled as of February 27, 1980 because of occupational lung disease.[1] Employer answered the claim petition on May 13, 1980, demanding proof of all Claimant's allegations. Four hearings were held, following which, on January 21, 1986, the referee issued his decision.

The referee awarded total disability benefits to Claimant finding that Claimant had contracted occupational lung disease from his 25 years of employment with Employer. Claimant's total disability is not disputed on appeal. However, the referee also awarded counsel fees as follows:

> 12. From February 27, 1980, when claimant became disabled, to February 7, 1983, when defendant commenced payments of partial disability compensation to claimant, the defendant's contest of this claim petition was unreasonable because defendant was aware of claimant's work-related exposures and resulting disability. However, after February 7, 1983, defendant's contest was reasonable because it was relying on Dr. Atkinson's opinion that claimant was able to perform light and sedentary work.

---

[1] Specifically, Claimant alleged he suffered from obstructive lung disease and emphysema.

13. The claim for unreasonable contest counsel fees made by claimant is hereby assessed at 20% of the partial disability compensation paid from February 27, 1980 to February 7, 1983, which sum for counsel fee [sic] shall be paid by defendant to claimant's counsel in addition to any partial disability compensation paid during this period to the claimant.

The referee also awarded Employer a credit for payments Employer had made to Claimant[2] based on its acceptance of the fact that Claimant was at least partially disabled.

On February 10, 1986, Employer appealed the referee's decision to the Board. On February 24, 1986, Claimant appealed to the Board. Employer motioned to quash Claimant's appeal to the Board as untimely because it was not within the 20 day period provided for in Section 423 of The Pennsylvania Workmen's Compensation Act[3] (Act). Review of the record discloses no decision from the Board on this motion. However, the Board's decision affirmed the referee's decision, dismissed Employer's appeal and *dismissed* Claimant's appeal.

In his appeal to this court, Claimant argues the Board erred in awarding Employer a credit for the payments it made voluntarily. Claimant asserts that those payments were not in accordance with the Act and are therefore not chargeable against Claimant.

---

[2] Employer paid Claimant an amount equal to $183.20 per week from February 27, 1980 up to February 7, 1983. Employer calculated the amount based on its computations of Claimant's weekly wage while working for Employer and the amount Employer believed Claimant could earn at light and sedentary employment ($220.00 per week). The $183.20, therefore, constituted Employer's calculation of a partial disability rate for Claimant.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §853.

Employer, in its appeal to this court, asserts the Board did not have jurisdiction to hear Claimant's untimely appeal. Accordingly, Employer argues, because the issue was not properly before the Board, this court should not consider Claimant's arguments. Employer also argues that the award of counsel fees was an error of law because there was a reasonable basis for contest throughout the proceedings.

We will first address Employer's argument that Claimant's issue is not properly before this court. Section 423 of the Act, 77 P.S. §853, provides that any party has twenty days in which to appeal a referee's decision. The mailing date of the referee's decision is January 21, 1986. Employer's appeal was docketed on February 10, 1986, within the 20 day period. Claimant's appeal was docketed on February 24, 1986, clearly outside the 20 day period.

The 20 day appeal period is jurisdictional. *Fritz v. Workmen's Compensation Appeal Board (Kim Manufacturing Co., Inc.)*, 107 Pa. Commonwealth Ct. 168, 527 A.2d 636 (1987). In those rare cases where fraud or its equivalent is shown, appeal nunc pro tunc may be granted. *Bardo v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 322, 383 A.2d 570 (1978). Claimant does not assert any impropriety in the proceedings, but argues, quite persuasively, that the Board was correct in addressing the merits of his appeal. However, we are constrained to agree with Employer that the Board should have quashed Claimant's appeal.

Claimant argues first that a 30 day appeal period from the referee's decision is mandated by 42 Pa. C.S.A. §5571(b) and the Pennsylvania Supreme Court's decision in *Appeal of Chartiers Valley School District*, 501 Pa. 620, 462 A.2d 673 (1983). Claimant's argument is not persuasive. The authorities cited stand for the

proposition that appeals *to courts* must be within 30 days, regardless of contrary statutory provisions. *See Chartiers Valley.* An appeal to the Workmen's Compensation Appeal Board is not an appeal to a court.

Claimant's next argument focuses on §423 of the Act, which provides that the Board may extend the appeal period "upon cause shown." Claimant asserts that the Board must have extended the appeal period because it addressed his arguments on the merits. There is no indication that the Board extended the time for appeal, and we cannot agree with Claimant that such an extension should be implied. Furthermore, such an extension by the Board would have been an error, inasmuch as the "cause" provision in Section 423 has been interpreted to mean fraud or its equivalent. *Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976).

However, Claimant asserts that the "cause" provision of Section 423, in conjunction with the policy of the Commonwealth to allow a cross-appeal within 14 days[4] where one party appeals within 30 days, should govern our decision. Claimant attempts to surmount the jurisdictional bar by contending that Employer's timely appeal vested jurisdiction of the *case* in the Board. Although we are well aware of the logic of allowing cross-appeals, we cannot agree that the legislature intended to provide for such a procedure in the Act.

Where the words are clear and free from all ambiguity, we are not free to disregard the letter of a statute. The Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). Section 423 clearly provides that any party may appeal a referee's decision within 20 days. There is nothing even remotely resembling a hint that the legislature intended to provide for a cross-appeal extension

---

[4] *See* Pa. R.A.P. 903(b) and Pa. R.A.P. 1512(a)(2). .

of time. We may not disregard the language of the statute. Accordingly, because the Board should have quashed Claimant's appeal because it was without jurisdiction to hear it, we will not address Claimant's issues on appeal to this court.

We turn now to Employer's appeal of the award of counsel fees to Claimant.[5] Section 440 of the Act, 77 P.S. §996, provides that a successful Claimant is entitled to an award of counsel fees unless a reasonable basis for the contest has been established. The reasonableness of an employer's contest is a question of law subject to our review. *Rettinger v. Workmen's Compensation Appeal Board (American Can Co.)*, 103 Pa. Commonwealth Ct. 595, 520 A.2d 1252 (1987). However, the legal conclusion of reasonableness is based on the facts as found by the referee. *Ratchko v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977). Determination of whether a contest is reasonable is based on review of the record as a whole. *Snyder v. Workmen's Compensation Appeal Board (U.S. Steel Corporation)*, 98 Pa. Commonwealth Ct. 62, 510 A.2d 899 (1986).

Our review of the record in this case establishes that the award of counsel fees, as delineated in the referee's findings of fact numbers 12 and 13, is supported by substantial evidence. The referee's decision is thorough and clearly takes into consideration the circumstances of this particular case. We will not disturb that decision on appeal.

Accordingly, the order of the Board is affirmed.

---

[5] Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. §704 of the Administrative Agency Law, 2 Pa. C. S. §704.

ORDER IN 3371 C.D. 1986

AND NOW, April 6, 1988, the order of the Workmen's Compensation Appeal Board appealed from in the above-captioned matter is affirmed.

ORDER IN 3447 C.D. 1986

AND NOW, April 6, 1988, the order of the Workmen's Compensation Appeal Board appealed from in the above-captioned matter is affirmed.