IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Northampton,               :
                    Petitioner       :
                                     :
        v.                           :
                                     :
Unemployment Compensation            :
Board of Review,                     :    No. 98 C.D. 2021
                    Respondent       :    Submitted:  March 4, 2022


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  May 10, 2022


          The County of Northampton (Employer) petitions for review of the
January 8, 2021, decision and order of the Unemployment Compensation Review
Board (Board), which dismissed as untimely Employer's appeal of the referee's
grant of unemployment benefits to Christine Mohn (Claimant).  Upon review, we
affirm.


**Factual & Procedural Background**

          The underlying facts are not in dispute.  Claimant worked in the
business office of a nursing home owned and managed by Employer.  Referee's
Decision & Order, 8/10/20, at 1; Reproduced Record (R.R.) at 74a.  Near the end of
March 2020, Employer confirmed multiple positive COVID-19 test results of

residents and employees at the nursing home. R.R. at 74a. On Friday, April 3, 2020, Employer informed Claimant and other office employees that they would be asked to work additional hours and assist with residents due to the onset of the COVID-19 pandemic. *Id*. at 75a. On Monday, April 6, 2020, Claimant called in sick with stomach pain and anxiety. *Id*. Later that week, she provided Employer with medical documentation keeping her out of work until the end of April 2020, which was accomplished via FMLA[1] leave. *Id*. As May 1, 2020, neared, Claimant asked Employer if she could work from home due to ongoing concerns about her health and well-being. *Id*. at 75a. Employer declined to accommodate Claimant's request and she resigned as of May 1, 2020. *Id*.

Claimant applied for benefits, which Employer contested. R.R. at 74a. After a telephonic hearing, during which both sides were counseled, the referee found Claimant eligible for benefits and issued a decision dated August 10, 2020. *Id*. at 74a-77a. The decision advised that the last date to file an appeal to the Board was 15 days later, on August 25, 2020. *Id*. at 74a & 76a. Employer did not file its appeal until September 1, 2020, at which time Employer acknowledged the appeal's lateness and sought *nunc pro tunc* relief. *Id*. at 117a-23a.

A Board-ordered telephonic hearing was held on November 16, 2020. R.R. at 199a-212a. Attorney Philip Lauer (Lauer), who at the time was the Northampton County solicitor, represented the County as employer and testified as a witness to the factual circumstances of Employer's untimely appeal. *Id*. at 201a. Lauer confirmed that the referee's August 10, 2020, decision and order was sent to Employer and to himself as solicitor at the Northampton County Courthouse, which is the correct address. *Id*. at 205a. The solicitor's office received and date-stamped

---

[1] The Family and Medical Leave Act, 29 U.S.C. §§ 2601, 2611-2620, 2631-2636, 2651-2654.

2

its copy on August 19, 2020. *Id*. at 206a. At that time, Lauer was in Maine on a scheduled vacation. *Id*. Lauer stated that there is a process in the solicitor's office where staff can reach him with time-sensitive or important matters by email or text message when he is away from the office, but that did not happen here; he admitted he had no explanation why he was not contacted and that he had been "upset" about it. *Id*. at 208a-09a. He returned from his vacation on August 27, 2020, which was a Thursday, but was not back in the solicitor's office until either the next day, August 28, 2020, or the following Monday, August 31, 2020. *Id*. He prepared the appeal and it was filed by email on September 1, 2020, by clerical staff in the solicitor's office. *Id*. at 207a-09a.

After the hearing, the Board dismissed Employer's appeal upon finding that its untimeliness was not caused by fraud, a breakdown of the agency's administrative system, or by a non-negligent cause. Board's Decision, 1/8/21; Certified Record (C.R.) #24. Employer now appeals to this Court.[2]

**Discussion**

Sections 501(e) and 502 of Pennsylvania's Unemployment Compensation Law[3] in effect at the relevant time provided that a party had 15 days to appeal a referee's decision to the Board. 43 P.S. §§ 821(e), 822;[4] *see also* 34 Pa. Code § 101.82; *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

[4] Pursuant to Section 5(3) of Act No. 2021-30, as of its effective date of July 24, 2021, the appeal period has been extended to 21 days. *See* 43 P.S. §§ 821(e), 822.

Cmwlth. 2008). An appeal filed even one day after the 15-day appeal period is untimely. *Hessou*, 942 A.2d at 198. If an appeal is not timely, the referee's decision becomes final, the Board does not have jurisdiction to consider the matter, and dismissal is warranted. *Id*. at 197-98. As the time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

The Board may, however, consider an untimely appeal in limited circumstances. *Hessou*, 942 A.2d at 198. In light of the mandatory nature of the statutory time limit for appeals, however, the burden on the appellant is heavy. *Id*. "First, [the appellant] can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, [the appellant] can show non-negligent conduct beyond his control caused the delay." *Id*. (citation omitted). If an appellant establishes that non-negligent circumstances caused the delay in filing an appeal, *nunc pro tunc* relief may be granted as long as the appeal was filed shortly after the lateness was discovered, the time period from the deadline to the appeal was of short duration, and the other side was not prejudiced. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. Cmwlth. 2008).

Justifiable non-negligent conduct in this context may be that of either the appellant or a third party, including the appellant's counsel. *Cook*, 671 A.2d at 1131 (citing *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)).[5] In *Bass*, the appellant's counsel prepared appeal documentation within the appeal period and left it with his secretary for in-person filing on a Friday. 401 A.2d at 1134. The secretary

---

[5] *Bass* concerned an appeal to the Supreme Court of Pennsylvania from this Court's decision in a tort claim against the Bureau of Corrections, but it has been cited numerous times in administrative matters. *See, e.g.*, *Cook*; *Lajevic v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 371, 373 (Pa. Cmwlth. 1998); *Nat'l Rolling Mills v. Workmen's Comp. Appeal Bd. (Jennings)*, 575 A.2d 953 (Pa. Cmwlth. 1990).

fell ill that day and was unable to return to work until ten days later, during which time the appeal deadline elapsed. *Id*. Upon her return, the appeal was filed four days late. Our Supreme Court found the circumstances amounted to non-negligent conduct on the attorney's part and granted relief. *Id*. at 1135.

In *Perry v. Unemployment Compensation Board of Review*, 459 A.2d 1342 (Pa. Cmwlth. 1983), the claimant's counsel's law clerk was driving the claimant's appeal to the post office on the last day for timely filing (a Friday) when his car broke down. He was unable to reach the post office before it closed and the appeal was filed the following Monday, three days late. *Id*. at 1343. Relying on *Bass*, this Court granted relief, finding the circumstances amounted to non-negligent conduct on the part of the claimant's counsel's office. *Id*. *Perry* also cited *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 455 A.2d 299 (Pa. Cmwlth. 1983), where the employer's counsel was hospitalized for cardiac conditions and surgery, which caused the employer's untimely appeal. *Id*. at 299 & n.2. This Court granted relief upon finding the circumstances amounted to non-negligent conduct on counsel's part. *Id*. at 300.

By contrast, when an appellant's counsel's failure to file a timely appeal with the administrative tribunal is due to inadvertence and lacks any indicia of non-negligent or exigent circumstances, this Court has declined to grant *nunc pro tunc* relief. *See DiJohn v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 1213, 1215-16 (Pa. Cmwlth. 1997) (claimant's counsel appealed to the Commonwealth Court rather than the Board); *Washington v. Workmen's Comp. Appeal Bd. (Harrisburg Hosp.)*, 450 A.2d 803, 805 (Pa. Cmwlth. 1982) (claimant's counsel sent letter to appeal board indicating intent to appeal but never formally filed appeal). In *Wertman v. Workmen's Compensation Appeal Board (American Nickeloid Co.)*, 426 A.2d 205

5

(Pa. Cmwlth. 1981), the claimant's counsel dictated the claimant's appeal and instructed his staff to file it by the deadline. *Id*. at 206. Counsel's secretary failed to type or file the appeal and it was filed several weeks late after counsel discovered the error. *Id*. This Court declined to extend the exception for administrative breakdown, which pertains to the agency in question, to an oversight occurring in the office of the appellant's lawyer. *Id*.

Here, Employer argues that the lateness of its appeal was due to non-negligent circumstances. Employer avers that the COVID-19 pandemic resulted in mail delays and Employer did not receive the referee's decision until August 19, 2020, nine days after it was mailed on August 10, 2020; this left Employer with only six days to evaluate and appeal the decision before the August 25, 2020, deadline elapsed. Employer's Br. at 6-7. However, Lauer did not see the decision immediately because he was on vacation and his office failed to advise him that the decision had arrived. *Id*. at 8. Citing *Cook*, Employer asserts that it acted shortly after Lauer discovered the decision when he returned to the office on August 28th or 31st after his vacation, and that the late filing of Employer's appeal on September 1, 2020, did not cause Claimant to sustain any prejudice because during the relevant time, she was eligible for benefits based on the referee's decision. *Id*. at 7-8.

Claimant responds that Employer's reference to mail delays associated with the COVID-19 pandemic is disingenuous because Employer admits it received the referee's decision well within the appeal period. Claimant's Br. at 5. Claimant notes that the decision was mailed to both Employer and to Lauer at the solicitor's office in the same building, therefore Employer had two opportunities within its offices to ensure a timely appeal. *Id*. at 8. Claimant maintains that the failure of both of Employer's offices to alert Lauer of the need to appeal while he was still on

6

vacation, and Lauer's consequent failure to learn of the need for an appeal until his return to his office 1-3 days after his vacation ended, cannot be characterized as non-negligent conduct on Employer's part. *Id*. at 8-9.

We agree with Claimant. Employer's assertion that pandemic-related mail delays are at least part of the cause of its untimely appeal fails because Employer acknowledged that it did receive the referee's decision six days before the appeal period lapsed. R.R. at 206a. Even before the pandemic, this Court has held that while a delay in mail delivery may be the basis for *nunc pro tunc* relief, the appellant must still show that the delay negated his ability to file a timely appeal. *Walker v. Unemployment Comp. Bd. of Rev.*, 461 A.2d 346, 347 (Pa. Cmwlth. 1981). Here, while there may have been a pandemic-related delay in delivery of the referee's decision, by Employer's own admission it still had nearly a week after receipt to appeal, and with today's access to rapid communications technology and online filing, doing so is far easier than in the prior decades out of which the above cases arose.[6]

Beyond Employer's unavailing allegation that delayed receipt of the referee's decision contributed to the untimely appeal, Employer has failed to show that non-negligent circumstances caused the lateness. Lauer acknowledged that due to a breakdown in office procedure, he did not learn of the referee's decision until after he returned to the office from vacation on August 28th or 31st, by which time the appeal was already late. His candidness is commendable, and he did act swiftly upon learning of the problem. However, the facts here do not resemble those in *Bass*, *Perry*, and *Tony Grande, Inc.*, where filing options were much more limited

___

[6] Moreover, Employer's appeal, which asserts that the referee's grant of benefits to Claimant was not supported by the evidence, is not particularly complex. *See* R.R. at 80a-82a.

7

and the circumstances of counsel or legal staff sustaining an unexpected illness or car trouble constituted truly non-negligent reasons why those appeals were untimely.

Here, the facts as admitted by Employer are analogous to those in *DiJohn*, *Washington*, and *Wertman*, where untimeliness was due to inadvertence or an avoidable breakdown in counsel's office procedures. Granting relief under these circumstances would amount to the kind of grace or indulgence that this Court has found unavailable in the context of a mandatory and jurisdictional deadline. *Russo*, 13 A.3d at 1003; *Hessou*, 942 A.2d at 197-98. Employer therefore has not shown it is eligible for *nunc pro tunc* relief and the Board did not err in dismissing Employer's untimely appeal from the referee's decision.

## Conclusion

Based on the foregoing discussion, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Northampton,    :
     Petitioner  :
          :
   v.       :
          :
Unemployment Compensation :
Board of Review,    :  No. 98 C.D. 2021
     Respondent :

### O R D E R

AND NOW, this 10th day of May, 2022, the January 8, 2021, Order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge