## Sinclair *v.* Shaffer Lumber Company et al., Appellants.

Argued November 14, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Francis S. McQuilkin,* with him *W. Davis Graham,* for appellants.

*H. A. Heilman, Jr.,* with him *E. O. Golden,* for appellee.

OPINION BY HIRT, J., January 17, 1956:

Claimant in this Workmen's Compensation case was injured in the course of his employment on May 14, 1951. An open agreement was entered into but compensation payments were suspended on November 21, 1951 in accordance with a supplemental agreement. On December 31, 1953 the defendant employer petitioned for a termination of the existing agreements. The referee after hearing entered an order as prayed for. On claimant's appeal, the board affirmed the findings of fact and conclusions of law of the referee and dismissed claimant's appeal. This final order was made by the board on February 2, 1955 and a docket entry of the board, which is a part of the record before us, contains this entry: "Feb. 2, 1955—Copy of opinion mailed to parties."

Claimant appealed to the court below from the order of the board but the appeal was not filed until February 24, 1955. The defendant thereupon ruled the claimant to show cause why the appeal should not be stricken off on the ground that it was filed too late. After hearing the court discharged the rule and dismissed the defendant's motion to strike off the appeal.

Section 427 of the Workmen's Compensation Act, as amended, 77 PS §873 provides that an appeal from the board to the common pleas "must . . . be brought within twenty days after notice of the action of the board has been served upon such party . . ." Section 406 of the amended act, 77 PS §717, provides that such notice "shall be served by mail . . ." and ". . . shall

be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served."

The evidence is that defendant received a copy of the board's opinion, together with a letter from the secretary of the board notifying it of the board's action, enclosed in an envelope admitted in evidence, bearing the postmark "Harrisburg, Pa. Feb. 2, 1955." Section 406, supra, further provides that "any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act." In support of claimant's contention that he filed his appeal within 20 days of receipt of the notice from the board, he testified that he lives in a rural district beyond the Borough of Kittanning and that he received his notice of the decision of the board by mail on February 8, 1955 and not before. He further stated that he immediately took the notice with the accompanying letter to his lawyers in Kittanning. E. O. Golden, his principal counsel testified that he received his notice from the board by mail a day or two before February 9, 1955, the date on which claimant came to his office. The postmaster of Kittanning Borough testified that there was no unsual delay in the general transmission or delivery of mail coming from Harrisburg on or about February 2, 1955, and that normally first class mail deposited in the post office in Harrisburg would be delivered to an addressee in Kittanning the following day. He conceded however that there have been exceptions in specific instances.

The lower court accepted the testimony of claimant and his witnesses as credible and found: "that the notices to the claimant and his counsel, E. O. Golden,

were not mailed until February 7, 1955 . . ." The court accordingly concluded that "the twenty day period for the filing of an appeal must be computed from that date" and that claimant's appeal accordingly was in time. On the same evidence the court might have found in favor of the present appellants but the controlling fact in the disposition of this appeal is that the court did not so find. The findings of the court that the appeal was filed in time is supported by sufficient competent evidence and we therefore may not set it aside. *Jann v. Linton's Lunch,* 150 Pa. Superior Ct. 653, 29 A. 2d 219. Moreover, even if we did not agree with the lower court we could not substitute our findings for those of the hearing judge where as here they are sufficiently supported by the evidence. *Andrikanics v. Andrekanics,* 371 Pa. 222, 89 A. 2d 792.

The cases relied upon by appellant are not controlling. In *Banks v. McClain et al.,* 156 Pa. Superior Ct. 512, 40 A. 2d 905, as well as in *Gaffey v. John J. Felin Co. et al.,* 162 Pa. Superior Ct. 222, 57 A. 2d 432, the failure to appeal within the statutory period was clearly established.

Order affirmed.