Marie D. Iannotta, Widow of Edmund A. Iannotta, Deceased, Appellant *v.* Philadelphia Transportation Company, Appellee.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Benjamin Dresnin,* for appellant.

*Thomas F. McDevitt,* for appellee.

OPINION BY JUDGE MENCER, November 27, 1973:
Claimant in this Workmen's Compensation case filed a fatal claim petition on May 5, 1967, following

the death of her husband on January 6, 1966, at a time when he was driving a Philadelphia Transportation Company bus. Although claimant was represented by counsel and eight hearings were scheduled, there was never any testimony offered by the claimant in support of her claim. On June 30, 1969, the Referee disallowed the claim and an appeal was taken to the Workmen's Compensation Board (Board). The Board, by decision dated and mailed May 14, 1970, affirmed the Referee and dismissed claimant's appeal. On June 4, 1970, claimant filed an appeal from the Board's ruling to the Court of Common Pleas of Philadelphia County. The defendant company filed a motion to quash the appeal for the reason that it was filed too late. The motion to quash the appeal was granted by the lower court and this appeal followed. We must affirm.

At the time of the appeal to the Court of Common Pleas of Philadelphia County, Section 427 of The Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §873, provided that an appeal from the Board to a common pleas court "must in all cases be brought within twenty days after notice of the action of the board has been served upon such party. . . ." Further, at that time, Section 406 of The Workmen's Compensation Act, as amended, 77 P.S. §717, provided that such notice "shall be served by mail . . ." and ". . . shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served. . . ."

Since the time for taking appeals is computed by excluding the first day and including the last day of the prescribed period, June 3, 1970 was the last day that claimant's appeal from the Board's decision could have been filed with the Court of Common Pleas of Philadelphia County. *Malis v. Lieberman*, 439 Pa. 602, 266 A. 2d 745 (1970.

The instant appeal was not filed until June 4, 1970, or twenty-one (21) days after the service by mail of the Board's decision. Where an Act of Assembly fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence. *Nardo v. Smith*, 448 Pa. 38, 292 A. 2d 377 (1972); *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A. 2d 169 (1971).

The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. *Department of Transportation v. Brougher*, 5 Pa. Commonwealth Ct. 531, 291 A. 2d 811 (1972); *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A. 2d 203 (1965). The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938). Claimant makes no argument here based on these narrow exceptions.

Claimant now contends that she should have had an extension of the appeal period since the decision of the Board, although mailed to her correct address, was also mailed to her attorney at his former office address of 1422 Chestnut Street, Philadelphia, instead of his new office address of 1300 Two Penn Center Plaza, Philadelphia.

There is nothing in the record to indicate that the Board was ever notified of claimant's attorney's change in office address. More importantly, it is admitted that the Board's mailing to the claimant was to the correct address. *See Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A. 2d 728 (1973).

Finally, there is nothing in this record that discloses that there was an unsual or unreasonable delay in the transmission of the Board's notice of its decision

160

through the mails to the claimant. Therefore, *Sinclair v. Shaffer Lumber Co.*, 180 Pa. Superior Ct. 234, 119 A. 2d 682 (1956), relied upon by claimant, is inapposite.

The order of the Court of Common Pleas of Philadelphia is hereby affirmed.