In Re: Appeal of Randolph Rouse from Decision of the City of Pittsburgh, Civil Service Commission. Randolph Rouse, Appellant.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*Arthur G. Gilkes, Jr.,* with him *Mead J. Mulvihill, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., January 18, 1980:

Appellant, a police officer, was terminated by the action of a Police Trial Board on October 1, 1974. On October 11, 1974, the Mayor mailed a registered letter to appellant advising him that the Mayor concurred with the decision of the Police Trial Board. This letter was received at appellant's home on October 16, 1974 and the receipt was signed by appellant's wife. Appellant was away from home and the letter came to his personal attention on October 28th. On October 29th he attempted to file an appeal to the City of Pittsburgh Civil Service Commission but was advised it was untimely in that it was more than 10 days from the date the notice was mailed to him. *See* Section 8, Policemen's Civil Service Act, Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. §23538. The attempted appeal was dismissed by the Civil Service Commission on October 2, 1975, as being untimely.

On appeal to the Court of Common Pleas of Allegheny County, the action of the Civil Service Commission was approved and the appeal dismissed, supported by an able opinion by Judge FARINO which disposed of all of appellant's arguments presented to it.

In his statement of questions involved, presented on this appeal, appellant presses three points, all of which were treated by Judge FARINO's opinion. First, appellant asserts there was a "breakdown" in the operations of the Police Trial Board because notice of its action came from the Mayor rather than the director of the Department of Public Safety. Indeed, at the time, the Mayor was acting as director of the Department of Public Safety. Obviously, this could not affect the timeliness of the notice or of the appeal.

590

It may or may not have been a substantive issue if the appeal had been timely filed. *See Civil Service Commission v. Joseph,* 13 Pa. Commonwealth Ct. 298, 320 A.2d 158 (1974).

Next, appellant asserts that the notice was defective in that a copy was not sent to his legal counsel. The complete and short answer to this is that there is no requirement that the notice be sent to legal counsel.

Finally, appellant argues that the court of common pleas should have allowed an appeal nunc pro tunc. We do not agree. There is nothing in this record which would support a conclusion that the lower court abused its discretion in refusing the request.

Accordingly, we will enter the following

ORDER

AND Now, January 18, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division, S.A. No. 1122 of 1975, dated July 8, 1976, dismissing appellant's appeal from the City of Pittsburgh Civil Service Commission is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.