575 A.2d 953

**NATIONAL ROLLING MILLS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JENNINGS), Respondent.**

**George F. JENNINGS, Sr., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NATIONAL ROLLING MILLS), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1990.

Decided May 23, 1990.

Joanne R. Jenkins, with her, Joseph R. Thompson, Thompson and Pennell, Philadelphia, for petitioner/respondent, Nat. Rolling Mills.

Marvin J. Powell, Green and Powell, West Chester, for respondent/petitioner, George F. Jennings, Sr.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

George F. Jennings, Sr. (Claimant) and National Rolling Mills (Employer) have filed cross appeals from an order of the Workmen's Compensation Appeal Board (Board) which quashed Employer's appeal as untimely filed and denied Claimant's appeal. We affirm the order of the Board.

On February 3, 1982, Claimant, while employed as a transfer machine operator, was struck and pinned against a wall by a fork-lift, sustaining an injury to his left knee and right ankle. Claimant received workmen's compensation benefits (benefits) from February 4, 1982 to April 7, 1982 for this injury. Claimant signed a supplemental agreement dated April 6, 1982 which stated that the Claimant had fully recovered from the February injury and would be able to return to work without loss of earnings if not for an ongoing unrelated non-compensable gall bladder problem. Following execution of this supplemental agreement, Employer discontinued compensation payments.

A second supplemental agreement dated August 4, 1982, indicated that Claimant's total work-related disability reoccurred as of June 18, 1982, and payment of compensation was resumed. A third supplemental agreement dated Octo-

ber 11, 1983 indicated that Claimant had returned to work as of October 11, 1983, and terminated compensation. On that date Claimant returned to a modified job which was sedentary, and the Employer provided transportation from the parking lot to the work station at the beginning and end of each shift.

On November 2, 1983, Claimant left work with chest pains. Employer paid sickness and accident benefits for Claimant's heart condition from November 3, 1983 until May 11, 1984.

On July 16, 1984, Claimant filed a petition to review the notice of compensation payable and supplemental agreements, alleging that Employer had terminated compensation without complying with the statutory requirements for obtaining a supersedeas, that Claimant had been fraudulently induced to sign the first and second supplemental agreements, and that the second and third supplemental agreements contained incorrect information. The petition sought reinstatement of compensation and the imposition of penalties against the Employer. In a decision filed September 18, 1987, the referee held that as of October 17, 1984, Claimant was disabled as a result of the work-related injury, that Employer had failed to show that a light-duty job was available to Claimant, that no fraud had been committed against Claimant, and that Employer had a reasonable basis for contesting the petition. The referee awarded benefits for an indefinite period beginning October 17, 1984.

Claimant filed a timely appeal. Employer mailed an appeal to the Board on October 7, 1987, but this appeal was incorrectly addressed. A correctly addressed appeal was mailed to the Board on October 13, 1987. Claimant filed a motion to quash the Employer's appeal as untimely. The Board quashed the Employer's appeal, dismissed Claimant's appeal, and affirmed the referee's decision. These cross-appeals followed.

■ Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law

was committed or whether any finding of fact was not supported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

Because the Employer's appeal raises a question of jurisdiction, we shall address that appeal first. Under Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853 (Act), an appeal from a referee's decision must be made twenty days after notice of the decision. Under section 406 of the Act, 77 P.S. § 717, an appeal is "deemed served on the date when mailed, properly stamped and addressed...." In the instant case, in order for an appeal to have been timely, it had to have been mailed on or before October 8, 1987.

Counsel for Employer attempted to meet this deadline by mailing the completed forms on October 7, 1987, but the appeal was improperly addressed. Upon receipt of the returned mail, a properly stamped and addressed appeal was mailed to the Board on October 13, 1987, five days after the appeal period expired. Counsel seeks to file the appeal *nunc pro tunc* alleging that the late filing was the clerical error of her secretary.

The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). Furthermore, something more than mere hardship is necessary to justify any extension of time, such as fraud or some breakdown in the court's operation. *Id.* We conclude that these factors do not exist in this case. The referee's decision contained the correct address.

Counsel urges us to extend the holding in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) to this case. *Bass* is distinguishable. In *Bass*, the appeal was ready to file several days prior to the expiration of the appeal period, but due to the untimely illness of the secretary, the filing was delayed. Failure to properly address an envelope, when the correct address is clearly available, is not compa-

rable conduct. We decline to extend the holding in *Bass* to include this type of error. Accordingly, we affirm the decision of the Board quashing Employer's appeal.

Turning to Claimant's appeal, Claimant alleges four errors: (1) affirming the finding that Employer acted reasonably in filing two supplemental agreements containing errors of fact; (2) affirming the referee's decision which did not assess penalties under the Act; (3) affirming the referee's decision finding disability after October 17, 1984; and (4) affirming the referee's decision that omitted from the record exhibits that had properly been admitted.

■ The Claimant does not deny that he signed the three supplemental agreements. Claimant now claims that the termination of the payment of benefits, made pursuant to these agreements was contrary to section 413 of the Act, 77 P.S. § 774.1, because no medical evidence was presented that Claimant was no longer disabled by his knee and ankle injury. Such evidence is not required by section 413 when a supplemental agreement is submitted, which is signed by the Claimant. Accordingly, the termination of benefits pursuant to these agreements was in accordance with the law. If Claimant had felt that the language in the agreements was incorrect, he should have objected at the time the agreements were presented for his signature.

■ On the penalty issue, while the Claimant raised the issue in his petition, he failed to pursue it before the referee. Absent notice and hearing on the penalty issue, the referee could not assess penalties. *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa.Commonwealth Ct. 530, 333 A.2d 207 (1975); *Brasco v. Workmen's Compensation Appeal Board,* 118 Pa.Commonwealth Ct. 564, 546 A.2d 717 (1988). Accordingly, Claimant waived this issue.

■ On the final issue, the Claimant alleges that Claimant's Exhibit # 2, # 3, and # 4, while admitted, were not considered by the referee, because the referee failed to note the admission of these exhibits on the cover sheet. There is

no other evidence of record to support the contention that these exhibits were not considered by the referee. If an error at all, it is harmless error. There is substantial evidence to support the decision of the referee and Board.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, May 23, 1990, the order of the Workmen's Compensation Appeal Board in the above captioned matters is affirmed.