613 A.2d 629

CONTINENTAL FOREST INDUSTRIES, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (HUMMEL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1992.

Decided Aug. 4, 1992.

Reargument Denied Sept. 23, 1992.

524

Vatche Kaloustian, for petitioner.

Kathleen E. Boyle, Asst. Counsel, for respondent.

John R. Badal, for respondent Hummel.

Before CRAIG, President Judge, McGINLEY (P.), J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Continental Forest Industries (Continental) appeals that portion of the order of the Workmen's Compensation Appeal Board (Board) dated September 30, 1991, which reinstated the January 30, 1991 order of the Board affirming the decision of the referee and dismissing Continental's appeal.[1]

Patricia Hummel, widow of Thomas Hummel and the mother of their two children, filed a fatal claim petition on October 25, 1979. The fatal claim petition asserted that Thomas' death, as a result of a heart attack, on April 18, 1979, was work related. The referee, on May 9, 1984, granted benefits which the Board reversed on February 20, 1986. On appeal to this court at 2226 C.D.1988, we, on June 2, 1989, reversed the Board and reinstated and affirmed the award of benefits by the referee.

At a time not appearing in the record, but before June 23, 1989, Patricia Hummel had instituted a wrongful death and survival action against the health care providers of Thomas for

---

1. The balance of the order references denial of an increase in counsel fees and revoking any supersedeas in effect. These portions are not at issue.

medical malpractice. The parties agree that the case was settled for $400,000.[2]

On June 23, 1989, Continental instituted the within proceeding by way of a petition for modification seeking credit for subrogation to the settlement of the medical malpractice action. The record establishes that the Department of Labor and Industry (Department), pursuant to Section 413[3] of the Workmen's Compensation Act (Act),[4] on July 10, 1989, assigned Continental's petition for modification to Referee Brian G. Eader and sent a copy of the notice of assignment to Patricia Hummel, Continental, its attorney, and insurance carrier. This notice of assignment contained the statement that "The Referee will notify all parties of the time and place of the hearing."

On August 18, 1989, the referee conducted a hearing[5] on Continental's petition for modification. The referee opened the hearing by stating as follows:

REFEREE EADER: I'll call the case of Patricia Hummel, widow of Thomas A. Hummel. The Claimant is present and represented by Counsel.

The Defendant is not here and has not contacted this office as to the reason for not appearing. This is a Modification Petition that was filed by the Defendant, requesting credit for subrogation that the Claimant received from a third party malpractice litigation and also requesting a supersedeas.

The Claimant is here and represented. Did you want to make a statement?

(R.R. 7a.)

Mr. Badal, counsel for Patricia Hummel, then replied to the referee, as herein relevant, as follows:

2. Patricia Hummel, however, claims she netted only $159,434.20 from the settlement.

3. Renumbered as Section 414, and, *as amended*, 77 P.S. § 775.

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 775.

5. The record reveals that the hearing commenced at 10:42 A.M. (R.R. 5a) and was adjourned at 10:48 A.M. (R.R. 10a.)

Secondly, the modification request which is based on a subrogation claim we feel is unsupported under the evidence because it is clear under the record and we are filing an affidavit here to further establish that the third party claim arises from alleged medical negligence that occurred prior to the work-related injury and did not occur in the course of employment and, therefore, clearly the fund to which they seek subrogation for is not the same fund for which the work-related injury is related. Therefore, under the law they are not entitled to any subrogation.

(R.R. 7a, 8a.)

The Referee and Mr. Badal then engaged in a short colloquy relative to Patricia Hummel's change of circumstance by reason of remarriage and one child arriving at the age of majority, which was followed by:

REFEREE EADER: Her [sic] petition right now pending before me is strictly for subrogation and if they were to, I appreciate your giving notice to the Defendant of the change in status, however, that's the Defendant's obligation to act on that and supplemental agreements can be executed to take care of that.

MR. BADAL: Right. I agree.

REFEREE EADER: I'd rather not get into it simply because that's not the issue pending before me right now, okay?

. . . . .

REFEREE EADER: Do you want to make a motion?

MR. BADAL: I'll make a motion requesting the Referee to deny the request for supersedeas and to dismiss their request for modification.

(R.R. 8a, 9a.)

On September 9, 1989, the Referee's decision was filed in which he made the following findings of fact.

2. A hearing was held on August 18, 1989 and notice was sent to Defendant/insurer and its counsel on July 24, 1989 and July 31, 1989 and was not returned by the post office as "undeliverable."

3. Defendant insurer did not appear at said hearing either by person or by representative; nor was any suitable excuse presented to explain Defendant/insurer's failure to appear.

. . . . .

5. After review of the record the Referee finds that the Modification Petition filed by Defendant/insurer is denied and dismissed.

(R.R. 26a, 27a.)

The Referee made the following conclusion of law:

2. The Defendant/insurer received proper notice of the hearing but has failed to appear and prosecute the petition and Claimant and Claimant's attorney made a request for denial and dismissal for failure of Defendant/insurer to appear and prosecute and said request is granted.

(R.R. 27a.)

The Referee, based on the foregoing, entered the following order:

The Modification Petition filed on June 23, 1989 by Defendant/insurer is Denied and Dismissed.

(R.R. 27a.)

Continental filed an appeal to the Board taking exception to Findings of Fact, 2, 3 and 5 and Conclusion of Law No. 2, and further asserting "Defendant and her [sic] counsel never received Notice of Hearing to be conducted on August 18, 1989. Request that matter be remanded so defendant may have her [sic] day in court." (R.R. 28a, 29a.)

The Board, in its order of January 30, 1991, affirmed the decision of the referee.[6] On March 20, 1991, the Board, on application of Continental vacated its January 30, 1991 order and ordered reargument. The Board, after reargument, by order dated September 30, 1991, reinstated its order of January 30, 1991. This petition for review followed.

6. Continental filed a petition for review in this Court at 377 C.D.1991 and also a Petition for Rehearing with the Board. On March 20, 1991, the board granted Continental's petition for rehearing and by reason thereof, this Court, on March 27, 1991, remanded the petition for review to the Board "for further proceedings and the entry of a new decision" and released jurisdiction.

■ The issue before us is whether Continental was served notice of the hearing held before the referee on Friday, August 18, 1989. Whether or not a party was served with notice of a hearing is a question of fact. Where, as here, the question of referee's serving the mandated notice of a hearing on the parties, is placed in issue, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed or whether necessary findings of fact are supported by substantial competent evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. It is the purpose and function of the Board, as well as the appellate court to review the conclusions of law of the referee, while at the same time ascertaining that the facts found by the referee are supported by substantial evidence. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985).

Under Section 413 of the Act, 77 P.S. § 775, whenever a claim petition or other petition is presented to the department, the department shall assign it to a referee for hearing. The department then shall serve upon each adverse party a copy of the petition, together with a notice that such petition will be heard by the referee to whom it has been assigned giving his/her name and address and shall mail the original petition to such referee, together with copies of the notice served upon the adverse parties.

■ Section 413 requires the referee to conduct a hearing on a petition assigned to him/her, unless, of course, such petition is disposed of otherwise, thus obviating the necessity of a hearing. Section 415, 77 P.S. § 802, directs the referee to fix a time and place for hearing on the petition and to serve upon all parties in interest a notice of the time and place of the hearing and also serve upon the petitioner a copy of any answer of any adverse party. Section 408, 77 P.S. § 717, requires that all notices and copies to which any party shall be entitled shall be served by mail or in such manner as the department shall direct; section 408 then deems that any notice or copy is served "on the date when mailed, properly stamped and addressed, and shall be presumed to have

reached the party to be served."[7] The second paragraph of section 408 requires that every referee keep a careful record of the date of mailing of every notice and copy required to be served on the parties in interest. Section 418, 77 P.S. § 833, requires the referee to make a record of hearings.[8]

In *Waters v. New Amsterdam Casualty Co.*, 393 Pa. 247, 250–51, 144 A.2d 354, 356 (1958), the Supreme Court defined a presumption as follows:

A presumption is a judicial declaration that the establishment of one fact (The Basic Fact) requires the assumption of the existence of a second fact (The Presumed Fact). One of the principal reasons for the creation of presumptions has been stated by Morgan and McGuire as follows:

" * * * [Some] presumptions owe their origin and persistence to the judicial conviction that the party who has peculiar means of access to the evidence, or peculiar knowledge as to the existence or non-existence of the presumed fact should bear at least the burden of producing relevant evidence thereof sufficient to justify a finding in his favor. * * * " (Footnote omitted.)

In *Bixler v. Hoverter*, 89 Pa.Commonwealth Ct. 88, 491 A.2d 958 (1985), we stated that a presumption is a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence.

The presumption created in Section 408, 77 P.S. § 717, is a rebuttable presumption. *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963); *Coin Automatic Laundry Equipment Co. v. Unemployment Compensation Board of Review*, 67 Pa.Commonwealth Ct. 427, 447 A.2d 690 (1982). In *Commonwealth v.*

7. The balance of the first paragraph of section 408 provides that any party may show that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails.

8. Alexander F. Barbieri, Pennsylvania Workmen's Compensation § 6.19(4) (1991) observes that the significance of this addition to the section may well be that the Legislature is anxious to make it clear that proceedings before a referee are sufficiently judicial in character to be proceedings of record.

*Shaffer,* 447 Pa. 91, 105, 288 A.2d 727, 735 (1972), the Supreme Court characterized a rebuttable presumption as follows:

> A rebuttable presumption is a means by which a rule of substantive law is invoked to force the trier of fact to reach a given conclusion, once the facts constituting its hypothesis are established, absent contrary evidence. See 9 Wigmore, Evidence § 2491 (3rd ed. 1940).... A rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy.

Where, however, service of notice is sought to be made by mail, it should appear that the conditions on which the validity of such service depends had existence; otherwise the evidence is insufficient to establish the fact of service. 66 C.J.S. *Notice* § 18 (1950). To the same effect is *Shaffer,* wherein our Supreme Court observed that for the rebuttable presumption to produce a given conclusion, the facts constituting its hypothesis must be established.

With the foregoing as prologue, an examination of the record,[9] fails to reveal that the notice of hearing and copy of the answer of Patricia Hummel, if any, were mailed to Continental. Neither does it appear that the referee kept the required "careful record" of the date of mailing of every notice and copy.

The referee's findings of fact 2 states "a hearing was held on August 18, 1989 and notice was *sent to* Defendant/insurer ..." (emphasis ours). There is nothing either by way of oral testimony or by way of exhibits, in the record of the hearing as to how the notice was "sent to" Continental. "Sent to" is not synonymous with "mailed, properly stamped and addressed."

Clearly, there is no support in the record for the referee's conclusion of law No. 2 that "The Defendant/insurer *received proper notice* of hearing ..." (emphasis ours) since there is no evidence that the referee "mailed, properly stamped and ad-

9. The record includes both the papers which have been docketed as they are listed on the docket of the case and the transcript of the record of the hearing before the referee including exhibits received in evidence.

dressed, a notice of hearing to give rise to the presumption that the notice "reached" Continental.

While a duly mailed notice will be presumed to have reached the party to be served, there is not even a scintilla of evidence in the record of hearing that the notice of hearing was "mailed" as required by Section 408, 77 P.S. § 717.

Since the conclusion of law of the referee that, "The Defendant/insurer received proper notice of the hearing ..." is predicated on the Referee's finding of fact that "a hearing was held on August 18, 1989 ... and notice was sent to Defendant/insurer and its counsel on July 24, 1989 and July 31, 1989 ..." is not based on any evidence in the record, we will vacate the order of the Board with directions to the Board to vacate the order of the referee and remand to the referee to schedule a hearing on Continental's petition for modification with notice thereof to the parties as required by the Act.

## ORDER

AND NOW, this 4th day of August, 1992, it is hereby ORDERED that the September 30, 1991 order of the Board reinstating the original January 30, 1991 order of the Board is vacated; the Board is directed to vacate the August 31, 1989 order of the referee and remand the matter to the referee for a hearing on Petitioner's petition for modification.

Jurisdiction relinquished.

McGINLEY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that Finding of Fact No. 2 is not supported by substantial evidence. Pursuant to Section 406 of the Act, 77 P.S. § 717, notice shall be deemed served on the date when mailed and shall be presumed to have reached the party to be served. The proper focus of our review, in accordance with the provisions of Section 406, should be directed to determining whether Continental has rebutted this statutory presumption by establishing with competent evidence that it did not receive notice. I agree with the Board that *Crown Cork &*

*Seal Corporation v. Workmen's Compensation Appeal Board (Savini),* 117 Pa.Commonwealth Ct. 242, 543 A.2d 603 (1988), is controlling in the present case. In *Crown Cork & Seal* we held that notice to the employer is sufficient regardless of whether the employer's counsel received notice. Failure to communicate between an employer and its counsel does not amount to such administrative negligence, fraud, coercion, or duress as to allow an appeal based on lack of notice. *Id.* at 247, 543 A.2d at 605.

In the present case, counsel for Continental does not allege that Continental did not receive notice, but at best, alleges that counsel did not receive notice. In view of *Crown Cork & Seal,* here there are no grounds for appeal. I would affirm the Board.