**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (OPERACZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 1998.

Decided March 9, 1998.

**1293**

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, KELLEY, FLAHERTY and LEADBETTER, JJ.

PELLEGRINI, Judge.

The City of Philadelphia (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) granting Alfred Operacz's (Claimant) motion to quash Employer's appeal as untimely filed under Section 423 of the Workers' Compensation Act.[1]

Claimant was receiving total disability benefits for heart and lung disease that he incurred after working for more than 30 years for Employer as a firefighter but they were reduced when he took other employment. When his heart and lung disease progressed so that he could no longer work, Claimant filed a petition for modification alleging that he was once again totally disabled as a result of his work injury.

Opposing the petition for modification, an Assistant City Solicitor entered his appearance with his address listed as 1101 Market Street, 9th Floor, Philadelphia, Pennsylvania, 19107, the offices of the Philadelphia Legal Department (Market Street address). The address given for Employer was also the same address. However, after the record had closed in August of 1992, the City retained outside counsel to handle the case and he entered his appearance with a new address on March 7, 1992. On January 17, 1995, the WCJ granted Claimant's modification petition and notice was mailed to Employer at the Market Street address.[2] A copy of the decision was also mailed to previous counsel at the same address.[3] However,

Damon A. Pace, Philadelphia, for petitioner.

Richard R. Di Stefano, Philadelphia, for respondent.

1. Act of June 2, 1915, P.L. 736, *as amended*; 77 P.S. §§ 1–1041.4; 2501–2626.

2. Except for the original Supplemental Agreement, all correspondence and petitions filed in this case up to the date of the WCJ's decision listed the address as the address of the Employer. All the documents in this case up to and including the WCJ's decision list the Market Street address as Employer's address. It was not until the Employer's appeal to the Board that the address for Employer was changed to the post office box for the Risk Management division. *See* footnote 4.

3. Section 406 of the Act, 77 P.S. § 717, provides that:

All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail or in such manner as the department shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act.

new counsel was never served with a copy of the order or decision.

On June 9, 1995, almost six months after the WCJ's decision, Employer filed an appeal with the Board claiming that the WCJ's decision to modify Claimant's benefits was not supported by substantial evidence. Claimant moved to quash the appeal on the grounds that it was not filed within 20 days as required by Section 423 of the Act. The Board, holding that although Employer's counsel was not served, there was no fraud, coercion, deception or duress and granted Claimant's motion to quash Employer's late appeal. This instant appeal followed.[4]

■ Employer contends that the Board erred in dismissing Employer's appeal as untimely because the notice of decision to the Employer was mailed to the Market Street address which it claims is not the proper service address for the Employer. Employer claims that a letter dated March 1, 1995, filed in another case, establishes that the proper service address for all of Employer's workers' compensation claims and is the post office box for the Risk Management Division.[5] It cogently reasons that there can only be one address for the Employer to receive notice because if they were allowed to be served at any city owned address, thousands of claims could not be investigated or appealed in a timely fashion.

■ For the same reason that Employer argues that notice cannot be made at any city owned address, notice provided in one case cannot put the workers' compensation authorities on notice in other cases that there has been a change in the Employer's official notice address. There are thousands of cases in the workers' compensation system making it impossible to have notice in one case presumed to put WCJs or others involved in distribution of decisions on notice

that all decisions in all cases be sent to a new address. It is up to the employer to notify each WCJ of the change in address, and any lack of notice because of failure to do so is attributable to Employer and not to any breakdown in the operation of the agency. However, the record shows that except for the original Supplemental Agreement, all correspondence and petitions filed in this case up to the date of the WCJ's decision lists Market Street as the Employer's address, making that the proper place to send Employer's notice.

Even if the Employer had been properly served, it contends that it was error on the part of the Board to quash the appeal because new counsel entered an appearance on the record ten months prior to the date of the decision, and a copy of the decision was not sent to him but to the previous counsel. Claimant, however, correctly contends that in *Crown, Cork, and Seal v. Workmen's Compensation Appeal Board (Savini)*, 117 Pa. Cmwlth. 242, 543 A.2d 603 (1988), we addressed the identical situation that we have here and that failure to give notice to Employer's counsel, when Employer also received notice, did not justify granting a *nunc pro tunc* appeal.

*Crown, Cork* involved whether Section 31.26 of the Pennsylvania General Rules of Administrative Practice and Procedure requires that notice must be given to the attorney where the attorney has entered an appearance for the client, even though the specific statutory provision in the Act provided only for service on the parties in interest. Section 31.26 of the General Rules of Administrative Procedure provides:

In a proceeding where an attorney has filed a submittal on behalf of the client or has filed an appearance under § 31.24 (re-

---

The department, the secretary of the board, and every referee shall keep a careful record of the date of mailing every notice and copy required by this act to be served on the parties in interest.
In *Crown, Cork, and Seal v. Workmen's Compensation Appeal Board (Savini)*, 117 Pa.Cmwlth. 242, 543 A.2d 603 (1988), we held that this provision does not require notice to counsel.

4. Our scope of review is limited to determining whether errors of law have been committed and

whether the necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

5. Included in Employer's brief is a letter dated March 1, 1995, stating its Risk Management Division has handled all of Employer's workers' compensation claims since July 1993 and is located at P.O. Box 58579, Philadelphia, Pennsylvania, 19102.

lating to notice of appearance), a notice or other written communication required to be served upon or furnished to the client shall also be served upon or furnished to the attorney (or one of the attorneys if the client is represented by more than one attorney) in the same manner as prescribed for his client, notwithstanding the fact that the communication may be furnished directly to the client.[6]

■ We held that 1 Pa.Code § 31.26 was inapplicable because it was inconsistent with Section 406 of the Act, 77 P.S. § 717 (see footnote 4, supra.) which required notice to the parties but not to counsel. However, after reviewing Section 406 of the Act, 77 P.S. § 717 and Part II of the General Rules of Administrative Practice and Procedure, as well as the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board,[7] it is now clear that our interpretation in *Crown, Cork* was in error because 1 Pa.Code § 31.26 only supplements and complements the notice requirements of the Act. While the Act only requires that notice be sent to the parties, there is nothing inconsistent in the provision that requires the agency to give additional notice to counsel that has entered his or her appearance which is now the normal practice of the Board and the WCJs.

■ Because 1 Pa.Code § 31.26 applies, any notice of a decision must also be sent to any attorney who has entered an appearance in the proceeding. Because Employer's attorney entered an appearance on behalf of Employer before the date of the WCJ's decision and was not given notice of that decision, this lack of notice constituted a breakdown in the operation of the agency so as to require the grant of a *nunc pro tunc* appeal.[8] Accordingly, we vacate the order of the Board quashing Employer's late appeal and remand to the Board for a decision on the merits of Employer's appeal.

### ORDER

AND NOW, this 9th day of March, 1998, the order of the Workers' Compensation Appeal Board, No. A95–3400, dated April 30, 1997, is vacated, and the above-captioned matter is hereby remanded to the Board for a decision on the merits of Employer's appeal. Jurisdiction relinquished.

---

6. 1 Pa.Code § 31.1 provides that the General Administrative Rules govern the practice and procedure before agencies of the Commonwealth except where the applicable statute or regulations set forth inconsistent provisions on the same subject.

7. 34 Pa.Code §§ 111.1–111.44. 34 Pa.Code § 111.2(b) provides an extensive list of the sections of the General Rules of Administrative Practice and Procedure that are not applicable to proceedings before the Board. Section 31.26 is not listed among the sections that are superceded.

8. Section 423 of the Act states in part that "[a]ny party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board...." 77 P.S. § 853. The 20 day time limit for taking an appeal cannot be enlarged absent some fraud, coercion, duress or breakdown in the agency's operation. *National Rolling Mills v. Workmen's Compensation Appeal Board (Jennings)*, 133 Pa.Cmwlth. 244, 575 A.2d 953 (1990).