IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oscar R. Colon Baez,                    :
                                        :
                    Petitioner          :
                                        :
        v.                              : No. 35 C.D. 2020
                                        : Submitted: November 20, 2020
Pennsylvania Parole Board,              :
                                        :
                    Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  March 19, 2021


        Oscar R. Colon Baez (Colon),[1] an inmate confined at the State Correctional Institution (SCI) at Forest, petitions for review of an order of the Pennsylvania Parole Board, recommitting him to serve 15 months' backtime as a convicted parole violator (CPV), revoking the time that he spent at liberty on parole, and recalculating his maximum sentence date to June 19, 2039.  His counsel, Allison D. Hartle, Esquire (Counsel),[2] has filed a motion for leave to withdraw as counsel,

_____

        [1] Different names are used for Oscar R. Colon Baez in the Certified Record, such as "Oscar Colon," "Oscar Colon-Baez," "Oscar Rene Colon Baez," and "Mr. Colon."  Because he refers to himself as "Mr. Colon," we refer to him as "Colon" throughout this opinion.  Certified Record (C.R.) at 114-17.

        [2] Counsel was retained to represent Colon by the Forest County Public Defender's Office.

along with a no-merit letter.[3] For the following reasons, we dismiss the petition for review as untimely, and dismiss Counsel's motion to withdraw as moot.

In 1996, Colon pleaded guilty to four counts of robbery with serious bodily injury and four counts of criminal conspiracy related thereto before the Court of Common Pleas of Lancaster County. Certified Record (C.R.) at 1-2. He was sentenced to 8 to 30 years' imprisonment. *Id.* at 3. At that time, his minimum sentence date was October 25, 2003, and his maximum sentence date was October 25, 2025. *Id.*

Colon was paroled on January 12, 2004. C.R. at 12, 16. He remained on parole through May 22, 2017, when the Board issued a detainer warrant because Colon was arrested on a new criminal charge. *Id.* at 16, 21. The Lancaster City Bureau of Police filed a criminal complaint and affidavit of probable cause accusing Colon of punching his ex-wife on the left side of her face and neck, causing bleeding from her left ear. *Id.* at 17-20. He was charged with "Simple Assault (M[isdemeanor] 2) *DOMESTIC VIOLENCE*[,]" and was confined in the Lancaster County Prison. *Id.* at 21.

Colon waived his preliminary detention hearing and his right to counsel. C.R. at 27. On June 23, 2017, the Board issued a decision detaining him pending disposition of the new criminal charge. *Id.* at 30. Ultimately, Colon pleaded guilty to simple assault under Section 2701(a)(1) of the Crimes Code, 18 Pa. C.S. §2701(a)(1) ("attempts to cause or intentionally, knowingly or recklessly causes

---

[3] The "no merit" standard for leave to withdraw is applied in situations where, as here, the right to counsel is statutorily based. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The "wholly frivolous" standard, a slightly higher standard, is applied where the right to counsel is constitutional. *Id.*

bodily injury to another"). C.R. at 31. On August 4, 2017, he received a one- to two-year sentence to be served in an SCI. *Id.* at 31, 34.[4]

On August 15, 2017, Colon waived his right to a parole revocation hearing and his right to counsel, and he admitted to violating the terms and conditions of his parole. C.R. at 38. By decision mailed on October 3, 2017 (recorded September 18, 2017), the Board recommitted Colon as a CPV to serve 15 months' backtime. *Id.* at 61-62. The Board did not award Colon credit for the time he spent at liberty on parole based on his assaultive behavior. *Id.* at 61-62. As such, the Board recalculated Colon's maximum sentence date as June 19, 2039. *Id.* at 61.

On November 7, 2017, Colon filed a *pro se* request for administrative relief from the Board's decision. C.R. at 82-91. He claimed that the Board lacked authority to change the maximum date of a judicially imposed sentence, and thus, cannot legally extend his sentence to June 19, 2039. He further asserted that the Board failed to consider his positive history of supervision while on parole and failed to explain its rationale for denying him credit.[5] Colon also argued that the Board violated his constitutional right to due process and committed other constitutional violations.

The Board responded in a decision mailed on November 18, 2019.[6] C.R. at 127-28. The Board explained to Colon that it was statutorily authorized to deny him credit for the time that he spent at liberty on parole due to his recommitment as a CPV, and to recalculate his maximum sentence date to reflect

---

[4] He received 74 days of credit toward the new sentence for the time he was confined from May 23, 2017, to August 4, 2017. C.R. at 31.

[5] *See* Colon's Supplemental Brief to Administrative Review Appeal. C.R. at 116.

[6] No reason is given for the Board's delay in responding to Colon.

that it denied such credit. *Id.* at 127. The Board further explained that Colon was advised of its authority in this regard and that Colon's ability to challenge its decision satisfied his due process rights. The Board therefore concluded that its recalculation of Colon's maximum sentence date did not violate any constitutional provisions or Colon's constitutional rights. *Id.*

The Board next explained that its decision of whether to grant or deny a CPV credit for time spent at liberty on parole is a matter of discretion, and that it exercised its discretion here and articulated the reason it denied Colon credit ("assaultive behavior") in its October 3, 2017 decision. C.R. at 128. It further explained, however, that its listed reason "was a typographical error done due to technician error." *Id.* As such, the Board attached a new decision (recorded on November 15, 2019), to its response, modifying its October 3, 2017 decision, correcting its typographical error, and correctly articulating that Colon "WAS ON PAROLE FOR MULTIPLE VIOLENT CRIMES AND WAS CONVICTED OF A DOMESTIC VIOLENCE CRIME." *Id.* at 129.[7] The Board therefore concluded that it did not abuse its discretion by failing to award Colon credit for his street time, and that Colon's claim in that regard was now moot. *Id.* at 128. Accordingly, the Board affirmed its October 3, 2017 decision as to the recalculation of Colon's maximum sentence date, and determined that the issue of whether the Board failed to exercise its discretion in revoking his street time was now moot. *Id.*

---

[7] The Board's November 15, 2019 decision also reaffirmed an earlier action recorded on October 18, 2019, which granted Colon parole/reparole to his state detainer sentence. C.R. at 72-74, 129. Colon was released to the state detainer sentence on November 6, 2019. *Id.* at 77.

Colon filed a *pro se* petition for review in this Court on January 15, 2020, which we deemed filed as of January 7, 2020.[8] Therein, Colon claimed that the Board abused its discretion by denying him credit for the approximately 13 years that he spent on parole in good standing. He also asked this Court to disregard the Board's modified decision of November 15, 2019.

On February 27, 2020, this Court appointed the Public Defender of Forest County to represent Colon and Counsel thereafter entered her appearance. Counsel subsequently filed the motion for leave to withdraw as counsel for Colon, along with a no-merit letter, asserting that Colon's claims lack merit.

However, because we lack jurisdiction over this matter,[9] we will not reach the merits of either Colon's petition for review or Counsel's motion for leave to withdraw. As this Court has explained:

> "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). "An appellate court . . . may not enlarge the time for filing . . . a petition for review." Pa. R.A.P. 105(b).
>
> The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

---

[8] Pursuant to the "prisoner mailbox rule," *pro se* legal filings of prisoners are deemed filed on the date they are "given to prison officials or put in the prison mailbox." *See Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014); *see also* Pa. R.A.P. 121(f).

[9] An appellate court may raise the lack of subject matter jurisdiction *sua sponte* at any time. *Commonwealth v. Parella*, 834 A.2d 1253, 1255 (Pa. Cmwlth. 2003).

> *Iannotta v. Philadelphia Transportation Company*, [312
> A.2d 475, 476 (Pa. Cmwlth. 1973)] (citations omitted).
> *See also Nixon v. Nixon*, [198 A. 154 (Pa. 1938)].

*Altieri v. Pennsylvania Board of Probation and Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985). *See also Ricketts v. Central Office Review Committee of the Department of Corrections*, 557 A.2d 1180, 1181-82 (Pa. Cmwlth. 1989) (dismissing *sua sponte* a petitioner's untimely appeal from an administrative agency's decision for lack of subject matter jurisdiction).

As outlined above, Colon filed the instant *pro se* petition for review of the Board's November 18, 2019 decision on January 7, 2020. Because Colon filed his petition for review of the Board's decision beyond the 30-day statutory appeal period, and there is no allegation regarding fraud or a breakdown in operations with respect to the timeliness of its filing, this Court is without jurisdiction to consider its merits.

Accordingly, Colon's petition for review is dismissed as untimely, and Counsel's motion for leave to withdraw is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oscar R. Colon Baez,                    :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 35 C.D. 2020
                                        :
Pennsylvania Parole Board,              :
                                        :
                    Respondent :

# **O R D E R**

AND NOW, this 19<u>th</u> day of <u>March</u>, 2021, the petition for review in the above-captioned matter is DISMISSED as untimely.  The Motion to Withdraw as Counsel filed by Allison D. Hartle, Esquire is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge